```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Michael Eric Prete

    v.                                    Civil No. 12-cv-474-JL

Roger Williams University
School of Law and Christopher
Neronha


### MEMORANDUM ORDER

This age discrimination case arises out of Roger Williams University School of Law's (the "law school") decision to deny early admission to plaintiff Michael Eric Prete.  Prete has brought suit against the law school and Christopher Neronha, the Associate General Counsel for Roger Williams University, alleging that the law school denied him admission as an undergraduate junior on the basis of his age, in violation of the Equal Protection Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, § 1, cl. 4, and the Age Discrimination in Federally Assisted Programs Act ("Age Discrimination Act"), 42 U.S.C. § 6101 et seq. The defendants moved to dismiss, arguing the court lacks subject matter jurisdiction and that Prete has failed to state a claim. See Fed. R. Civ. P. 12(b).

This court has jurisdiction over the equal protection challenge pursuant to 28 U.S.C. § 1331 (federal question). The parties disagree as to whether the court possesses subject matter jurisdiction over Prete's Age Discrimination Act claim. After hearing oral argument on both the defendant's motion to dismiss and Prete's motion for a preliminary injunction, the court concludes that it cannot entertain Prete's Age Discrimination Act claim because Prete neither provided notice to defendants nor exhausted his administrative remedies before filing suit.[1] Prete's equal protection claim also fails because the law school is not a state actor bound by the Fourteenth Amendment.

---

[1] Whether the Age Disability Act's notice and exhaustion requirements are jurisdictional in nature has not been decided by our Court of Appeals. Other courts have treated this issue differently. Compare Curto v. Smith, 248 F. Supp. 2d 132, 145 (N.D.N.Y. 2003) (holding that the trial court lacks subject matter jurisdiction when administrative remedies are not exhausted), with Jackson v. Bd. of Educ., No. 10-C-5710, 2012 WL 3079259 (N.D. Ill. July 27, 2012) (explaining that the Act's exhaustion and notice requirements are conditions precedent for filing suit); see also Parker v. Bd. of Sup'rs Univ. of Louisiana-Lafayette, 296 Fed. Appx. 414, 418-19 (5th Cir. 2008) (declining to rule on the issue). Because the answer does not change the outcome of this case, the court expresses no opinion as to the proper resolution of that question.

## I.  **Applicable legal standards**

Under Rule 12(b)(6), the plaintiff's complaint must make factual allegations sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In ruling on a Rule 12(b)(6) motion, the court must accept as true all well-pleaded facts set forth in the complaint and must draw all reasonable inferences in the plaintiff's favor. See, e.g., Martino v. Forward Air, Inc., 609 F.3d 1, 2 (1st Cir. 2010).  The court "may consider not only the complaint but also facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 (1st Cir. 2009) (internal quotation omitted).  With the facts so construed, "questions of law [are] ripe for resolution at the pleadings stage." Simmons v. Galvin, 575 F.3d 24, 30 (1st Cir. 2009).

The standard of decision for a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is identical to that applicable to Rule 12(b)(6) motions, Sam M. ex. rel. Elliot v. Chafee, 800 F. Supp. 2d 363, 370 (D.R.I. 2011), however, a motion to dismiss for lack of subject-matter jurisdiction

3

"involves a court's power to hear a case." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Amer., 511 U.S. 375, 377 (1994). Consequently, a court without jurisdiction over a claim must dismiss it. Fed. R. Civ. P. 12(h)(3). "The burden of proving federal court jurisdiction is on the party invoking the jurisdiction." Pejepscot Indus. Park, Inc. v. Maine Cent. R. Co., 215 F.3d 195, 200 (1st Cir. 2000).

## II.  **Background**

Prete, age 20 as of July 16, 2012[2], is an undergraduate student at Roger Williams University in Bristol, Rhode Island. Roger Williams University School of Law is an ABA-accredited law school also located in Bristol. The law school is a private institution that receives financial assistance from the federal government.

---

[2] In his complaint, Prete did not provide his age at the time he was denied admission. The earliest mention of his age in the record, though not his age at the time of the alleged discrimination, is in Prete's objection to the defendant's motion to dismiss. Pl.'s Obj. Def.'s Mot. Dismiss (document no. 9) at 1.

In 2010, Roger Williams University accepted Prete into its "Three-Plus-Three program." The program allows Roger Williams University undergraduate students to begin their first year of law school during their fourth year of undergraduate study--provided they are able to gain early admission to the law school. Early acceptance into the law school is guaranteed to students who (1) satisfy Roger Williams University's undergraduate requirements, (2) achieve a Law School Admissions Test ("LSAT") score that is at or above the law school's median accepted score for the prior year, and (3) present no serious character or fitness issues.

Prete sat for the LSAT during the first semester of his junior year. He scored 149, two points below the law school's median accepted LSAT score in the year prior to his application. After receiving his results, Prete contacted the law school and was informed that his score was not at or above the median accepted score of 151 and that he would not be guaranteed early admission. The law school, however, invited Prete to apply for admission the following year, his senior year of undergraduate study. Undeterred, Prete applied for early admission anyway. His application was denied.

The parties agree that Prete's LSAT score did not qualify him for guaranteed entry. According to Prete, the combination of his GPA and LSAT scores would have resulted in his admission into the law school had he been a college senior rather than an undergraduate junior. In short, Prete (completely ignoring the difference between a junior and senior under the law school's admissions policies) alleges there was "no academic reason for denial of acceptance into law school" and that he was denied admission because of his age. Prete filed this suit in the Providence Superior Court and defendants removed the case to this court.

### III. Analysis

#### A. *Age Discrimination Act claim*

Prete's age discrimination claim rests on the allegation that, because the law school denied him early admission as a junior when it would have admitted a similarly-situated senior, his age was the motivating factor in the law school's decision. Rather than exploiting the manifest absurdity of Prete's substantive argument (there is no serious dispute that the law school denied Prete's admission because he was neither a college graduate nor an undergraduate junior who met the law school's

early admissions requirements, and not because of his age)[3], the defendants instead argue that this court lacks subject matter jurisdiction over Prete's Age Discrimination Act claim because Prete did not exhaust administrative remedies or give notice as required under the statute.  42 U.S.C. § 6104.  Alternatively, the defendants argue that Prete has failed to state a claim on which relief may be granted for the same reason.  Prete answers that the notice and exhaustion requirements do not apply to his suit because he originally filed his case in Rhode Island state court.  He is incorrect.

The Age Discrimination Act "prohibit[s] discrimination on the basis of age in programs or activities receiving Federal financial assistance."  42 U.S.C. § 6101.  To achieve this purpose, Congress has directed each agency distributing federal financial assistance to promulgate regulations creating an administrative process to remedy violations.  Id. §§ 6103, 6104(a).

---

[3]As the defendants note, "[o]ne's year in a university, whether freshman, sophomore, junior, or senior, is not associated with a specific age.  Rather one's classification is determined by the completion of certain academic requirements.  One could be a sophomore who is a 12 year old child prodigy or a freshman who is a senior citizen returning to school."  Def.'s Obj. to Pl.'s Emer. Mot. for Inj. (document no. 13) at 3; see Wheat v. Mass, 994 F.2d 273, 276 (5th Cir. 1993).

The Act's notice and exhaustion provisions are contained in Section 6104(e). Section 6104(e)(1), the notice provision, specifies that,

> [w]hen any interested person <u>brings an action in any United States district court</u> for the district in which the defendant is found or transacts business to enjoin a violation of this Act by any program or activity receiving Federal financial assistance, such interested person shall give notice by registered mail not less than 30 days prior to the commencement of the action to Secretary of Health and Human Services, the Attorney General of the United States, and the person against whom the action is directed.

Id. § 6104(e)(1) (emphasis added). Section 6104(e)(2), the exhaustion provision, directs that no action referred to in 6104(e)(1) may be filed unless administrative remedies are exhausted. Id. § 6104(e)(2).

Prete concedes he has satisfied neither the Act's notice nor its exhaustion provisions. The law school argues that this fact is fatal to his suit. Prete counters that Section 6104(e) does not apply to civil actions originally filed in <u>state</u> courts, such as his, because the statute, by its terms, relates only to actions filed in U.S. District Court. But Prete's argument is based on the underlying assumption that the Age Discrimination Act gives him a cause of action in state court. Prete has not provided any authority or reasoned argument to support his premise, and the court rejects it.

8

Section 6104(e) of the Act creates a limited private right of action to seek injunctive relief in federal district court. See, e.g., Long v. Fulton County Sch. Dist., 807 F. Supp. 2d 1274, 1286 (N.D. Ga. 2011); Rannels v. Hargrove, 731 F. Supp. 1214, 1219-20 (E.D. Pa. 1990). The court has not found, and the parties have not cited, any authority supporting an implied right to sue in state court.[4] In fact, regulations promulgated under the Act state the opposite, requiring the Department of Education to inform complainants, upon administrative exhaustion, that "a civil action can be brought only in a United States district court for the district in which the recipient is found or transacts business." 34 C.F.R. § 110.39(b)(3)(I)(emphasis added); see also 45 C.F.R. § 90.50(b)(3)(I); Becker v. Washington State Univ., 266 P.3d 893, 902 (Wash. App. 2011) ("42 U.S.C. 6104(e)(1) requires any private civil action under the [Age Discrimination Act] to be brought in a United States District Court for the district in which the recipient is found or

---

[4]Prete cites to DeFunis v. Odegaard, 507 P.2d 1169 (Wash. 1973), vacated, 416 U.S. 312 (1974), as authority for his assumed state court cause of action. This reliance is misplaced. The DeFunis case is not an Age Discrimination Act case; it is a equal protection challenge.

9

transacts business."). Nevertheless, Prete insists that the Act creates a cause of action in state court.

For Prete to succeed, the court must find that the Act implies the right and remedy underlying his premise. See Transamerica Mortg. Advisors, Inc. (TAMA) v. Lewis, 444 U.S. 11, 15-16 (1979). "The interpretive inquiry begins with the text and structure of the statute. . . and ends once it has become clear that Congress did not provide a cause of action." Alexander v. Sandoval, 532 U.S. 275, 288, n. 7 (2001). As noted by the Supreme Court:

> The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy. Statutory intent on the latter point is determinative. Without it, a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute. Raising up causes of action where a statute has not created them may be a proper function for common-law courts, but not for federal tribunals.

Id. at 286-87 (internal citations and quotations omitted); see also Cox v. Boston Consol. Gas Co., 67 F. Supp. 742, 745 (D. Mass. 1946) aff'd, 161 F.2d 680 (1st Cir. 1947) (applying the *casus omissus pro omisso habendus est* canon--"nothing is to be added to what the text states or reasonably implies"). Accordingly, "a federal statute ordinarily should be read as

written, in effect creating a presumption against importing, by implication, a private right of action." San Juan Cable, LLC v. Puerto Rico Telephone Co., 612 F.3d 25, 30 (1st Cir. 2010); accord Frazier v. Fairhaven Sch. Comm., 276 F.3d 52, 68 (1st Cir. 2002) ("the explicit provision of remedies within a statute cuts sharply against the implication of a private right of action").

Prete assumes, but has not demonstrated, that Congress created either a private right to sue in state court or a remedy for state courts to administer. The only private cause of action created by the Age Discrimination Act is a narrow right to seek injunctive relief in United States District Court. Accordingly, Prete's assumed premise cannot, necessarily, overcome the "considerable bite" of the presumption against it. See San Juan Cable, 612 F.3d at 30. The court finds, for the purposes of this motion to dismiss, that Prete has not established the major premise of his argument--that the notice and exhaustion requirements do not apply to state court actions--because the Act does not authorize actions in state court to begin with.

Even if the Age Discrimination Act did provide for a cause of action in state court, Prete would not be excused from the Act=s notice and exhaustion prerequisites by virtue of his decision to initiate the suit in state court. In support of his

11

argument to the contrary, Prete emphasizes that, although the statute clearly requires administrative exhaustion and notice for "actions brought for relief based on an alleged violation of the [Age Discrimination Act]," 42 U.S.C. § 6104(e) & (f), the omission of the phrase "state actions" from Section 6104(e)(1) provides an exemption from those requirements for actions first filed in state court.

Prete's theory is based on the canon *expressio unius est exclusio alterius* – or "the expression of one thing is the exclusion of the other things." See generally United States v. Hernandez-Ferrer, 599 F.3d 63, 67 (1st Cir. 2010). "The canon depends on identifying a series of two or more terms or things that should be understood to go hand in hand, . . . supporting a sensible inference that the term left out must have been meant to be excluded." Chevron U.S.A. Inc. v. Echazabal, 536 U.S. 73, 81 (2002). But "an inference drawn from congressional silence . . . cannot be credited when it is contrary to all other textual . . . evidence." United States v. Vonn, 535 U.S. 55, 65, (2002). In other words, application of the *exclusio unius* canon is improper when it creates ambiguity or conflict. See Pauley v. BethEnergy Mines, Inc., 501 U.S. 680, 719 (1991) (rejecting the canon "where

12

its application would render a regulation inconsistent with the purpose and language of the authorizing statute").

The Age Discrimination Act created a limited cause of action for "interested persons" to seek injunctive relief in federal district court. The court may entertain this cause of action only upon exhaustion of administrative remedies and notice to the appropriate parties. Such requirements apply to all Act-based actions to enjoin alleged age discrimination in programs receiving federal financial assistance. The court declines to adopt either Prete's premise for an implied cause of action in state court or his construction of the statute exempting state court actions from Section 6104. Consequently, Prete's claim under the Age Discrimination Act is dismissed because he has failed to exhaust administrative remedies or provide the requisite notice for his claim.

**B.**   ***Equal Protection claim***

Prete's claim under the Equal Protection Clause relies on the same premise as his Age Discrimination claim. The defendants, again ignoring the patent absurdity of Prete's age discrimination theory (<u>see</u> <u>supra</u> pt. A), instead argue that the

law school is not a state actor subject to the Fourteenth Amendment.

The Fourteenth Amendment provides, in pertinent part, that "no State shall. . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1, cl. 4. The limited scope of the Equal Protection Clause is well documented. The Fourteenth Amendment prohibits only state action. See e.g. United States v. Morrison, 529 U.S. 598, 621 (2000). "The Amendment erects no shield against merely private conduct, however discriminatory or wrongful." Id. (citing Shelley v. Kramer, 334 U.S. 1, 13 (1948)). Private action may, nonetheless, be subject to equal protection scrutiny if the "acts performed by a nominally private entity. . . comprise state action." Rolon v. Rafael Rosario & Assocs., Inc., 450 F. Supp. 2d 153, 162 (D.P.R. 2006).

Prete acknowledges the law school is a private, non-governmental entity. He argues, however, that the defendants are still subject to the Fourteenth Amendment as state actors. Private parties may be considered state actors, but only after consideration of:

> (1) whether there was a sufficient nexus between the state and the private actor which compelled the private actor to act as it did; (2) whether the private actor

14

> has assumed a traditionally public function; or (3) whether there is a sufficient 'symbiotic relationship' between the state and the private actor so that the state might be recognized as a joint participant in the challenged activity.

Missert v. Trustees of Boston Univ., 73 F. Supp. 2d 68, 71 (D. Mass. 1999), aff'd, 248 F.3d 1127 (1st Cir. 2000) (considering whether a decision by a private university to dismiss a student from a graduate program was state action). If the law school=s actions do not constitute state action under at least one factor of the test, the inquiry ends. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982).

At oral argument, Prete relied on the first Missert factor, the compulsion test. He argued, in substance, that an unspecified amount of financial assistance flowing from the federal government to the law school established a sufficient nexus to establish state action. See Blum v. Yaretsky, 457 U.S. 991, 1011 (1992) (identifying receipt of financial assistance as a method of establishing a nexus between the government and the private actor). But the receipt of financial assistance, in and of itself, does not render a private school subject to the strictures of the Equal Protection Clause. Rendell-Baker, 457 U.S. at 840-41. Rather, the plaintiff must show that the government, through its distribution of financial assistance,

exercised "coercive power" over or "significant encouragement" for the particular decision challenged. See Perkins v. Londonderry Basketball Club, 196 F.3d 13, 19 (1st Cir. 1999). Prete has not made any such showing here, or even suggested as much.[5]

Having failed to identify any legal basis upon which the law school may be considered a state actor and subjected to equal protection scrutiny, Prete has not stated a claim for which relief can be granted. Consequently, his claim under the equal protection clause is dismissed.

---

[5]As the defendants point out, the law school is also not considered a state actor under the other Missert factors. Our Court of Appeals has conclusively held that education, including higher education, is not a traditionally exclusive public function. Missert, 73 F. Supp. 2d at 72-73; accord Johnson v. Pinkerton Academy, 861 F.2d 335, (1st Cir. 1988) (holding that a private secondary school, despite a state directive to educate all children to a certain age, is not a state actor by virtue of the public function test). Likewise, there is no indication that the state is a "joint participant" in the law school's admissions processes or that the state exercises any measurable influence in the school's day-to-day affairs. See Missert, 73 F. Supp. 2d at 72-73.

**IV. Conclusion**

For the reasons set forth above, the motion to dismiss of defendants Roger Williams University School of Law and Christopher Neronha[6] is GRANTED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: December 12, 2012

cc: Michael Eric Prete, pro se
    Mark P. Dolan, Esq.

---

[6]Document no. 4.

17